# United States District Court
# Central District of California
# Eastern Division

| | |
|---|---|
| ERASMO ROMAN, *et al.*, | ED CV 11-00789 TJH (OPx) |
| Plaintiffs, | |
| v. | |
| DEUTSCHE BANK, *et al.*, | Order |
| Defendants. | |

The Court has considered Defendants' motion to dismiss and motion to strike, together with the moving and opposing papers.

Plaintiff Alcyda Roman lacks standing as she is not a real party in interest to this action. *See* Fed. R. Civ. P. 17(a).

Plaintiff Erasmo Roman's claims for promissory estoppel, negligent misrepresentation, breach of contract, and unfair competition, though not artfully

pled, do meet the minimum pleading requirements to overcome a challenge under Fed. R. Civ. P. 12(b)(6).

Plaintiff Erasmo Roman's claims to set aside the trustee's sale and to void or cancel the trustee's deed upon sale must be dismissed, without prejudice, for failure to join the trustee as an indispensable party. *See Washington Mutual Bank v. Blechman*, 157 Cal. App. 4th 662, 668, 69 Cal. Rptr. 3d 87, 91 (2007).

Plaintiff Erasmo Roman's claims for quiet title and wrongful foreclosure must be dismissed, without prejudice, because he failed to allege tender or his ability to tender. *See Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673, 678 (1934); *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1034 (N.D. Cal. 2010).

Plaintiff Erasmo Roman's claim for breach of the covenant of good faith and fair dealing must be dismissed, with prejudice, as such a claim is not applicable to non-insurance contracts. *See Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 95, 44 Cal. Rptr. 420, 426 (1995).

Plaintiff Erasmo Roman's claim for injunctive relief is moot as his house has already been sold. *See Dan Caputo Co. v. Russian River County Sanitation Dist.*, 749 F.2d 571, 574 (9th Cir. 1984).

Plaintiff Erasmo Roman's request for attorney's fees must be stricken as they are not recoverable under Cal. Bus. & Prof. Code § 17203. Plaintiff's request for disgorgement of profits beyond the restitution requested is not permissible and must

be stricken.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1152, 131 Cal. Rptr. 2d 29, 44 (2003).  As a private individual, Plaintiff may not seek civil penalties for his unfair competition claim.  *See* Cal. Bus. & Prof. Code § 17206(a).  Finally, Plaintiff's request for punitive damages must be stricken as punitive damages are not available for contract-based claims.  Cal. Civ. Code § 3294(a).

Accordingly,

It is Ordered that the claims of Plaintiff Alcyda Roman be, and hereby are, Dismissed with prejudice.

It is further Ordered that Defendants' motion to dismiss be, and hereby is, Denied, as to Plaintiff Erasmo Roman's claims for promissory estoppel, negligent misrepresentation, breach of contract, and unfair competition.

It is further Ordered that Defendants' motion to dismiss be, and hereby is, Granted, with prejudice, as to Plaintiff Erasmo Roman's claim for breach of the covenant of good faith and fair dealing.

It is further Ordered that Defendants' motion to dismiss be, and hereby is, Granted, without prejudice, as to Plaintiff Erasmo Roman's claims to set aside the trustee's sale, to void or cancel trustee's deed upon sale, for quiet title,  wrongful foreclosure, and for injunctive relief

It is further Ordered that Defendants' motion to strike Plaintiff Erasmo

1  Roman's requests for attorney's fees, disgorgement of profits, punitive damages, and
2  civil penalties be, and hereby is, Granted.

3

4  Date: May 1, 2012

5  _____
6  Terry J. Hatter, Jr.
7  Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26